25CA1233 Peo in Interest of Cota-Martinez 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1233
Pueblo County District Court No. 24MH30040
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Alexis Omar Cota-Martinez,

Respondent-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Pawar and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1      Alexis Omar Cota-Martinez appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to medicate him without his consent. We affirm.

## I. Background

¶ 2      Cota-Martinez was admitted to the hospital in May 2024 after being found incompetent to proceed in three criminal cases. He was diagnosed with an unspecified schizophrenia spectrum and other psychotic disorder. His symptoms have included auditory hallucinations, responding to people or voices that are not there, paranoid ideation, disorganized thought processes, and disorganized speech. The record indicates that he assaulted jail guards shortly before his hospital admission and has threatened to harm staff and peers at the hospital.

¶ 3      In June 2024 and again in December 2024, the district court granted the State's petitions to involuntarily medicate Cota-Martinez. The December 2024 order authorized the involuntary administration of three medications: Zyprexa (olanzapine), Invega (paliperidone), and Depakote (valproic acid).

¶ 4 In June 2025, the State filed the petition at issue seeking to involuntarily medicate Cota-Martinez with the same three medications.

¶ 5 At the hearing on the petition, Cota-Martinez's psychiatrist and Cota-Martinez testified. The psychiatrist, an expert in clinical psychiatry, testified that Cota-Martinez's mental illness constitutes a substantial disorder that severely impairs his judgment, his ability to recognize reality, or his capacity to control his behavior. According to the psychiatrist, Cota-Martinez needs psychiatric medications and, since taking the medications, his most severe and distressing symptoms have significantly improved; he has not exhibited any aggressive behavioral outbursts. The psychiatrist opined that discontinuing his medications would likely result in a return of his auditory hallucinations and paranoid delusional thought processes, increase the risk of harm to others at the hospital, and cause significant and long-term deterioration in his mental health. The psychiatrist further testified that Cota-Martinez lacks any insight into his mental illness, does not recognize that his symptoms have improved, and believes that his condition would be unchanged whether or not he takes medication.

¶ 6    Cota-Martinez testified that he does not have a mental illness, and characterized the psychiatrist's testimony as a "lie." Cota-Martinez also testified that he does not need the medications and that they do not "do anything positive to help [him] in any way." He further testified that he does not pose a danger to others.

¶ 7    The district court found that the psychiatrist had testified credibly and persuasively, and adopted the psychiatrist's opinions. The court then analyzed the four elements of the test from *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985), found that the State had met its burden of proving all four elements by clear and convincing evidence, and granted the petition.

## II.    Applicable Law and Standard of Review

¶ 8    The parties agree that the *Medina* test applies here. Under that test, a district court may authorize the involuntary administration of medication if the State demonstrates by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution;

3

(3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the person in refusing treatment. *Id.*[1]

¶ 9     Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support, while we review the court's legal conclusions de novo. *Id.* Resolving conflicts in testimony and determining the credibility of the witnesses are matters solely within the province of the district court. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

¶ 10    We must affirm the district court's ruling if the evidence, viewed as a whole and in the light most favorable to the State, is

---

[1] A different test applies to petitions to administer medication involuntarily for the purpose of restoring competency for a criminal proceeding. *See People in Interest of R.F.*, 2019 COA 110, ¶¶ 10-15 & n.1 (discussing the test from *Sell v. United States*, 539 U.S. 166, 180 (2003)). Although Cota-Martinez was admitted to the hospital for that purpose, the petition's stated purpose, and the district court's basis for granting the petition, was to prevent a significant and long-term deterioration in his mental condition and to prevent the likelihood of him causing serious harm to others at the hospital, which are relevant to the second *Medina* element. *See R.F.*, ¶ 11 n.1.

sufficient to support the court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *Id.* at ¶ 30.

### III.    Analysis

¶ 11    Cota-Martinez does not contest the district court's rulings that the People met their burden of proving the second, third, and fourth *Medina* elements. However, he challenges the sufficiency of the evidence supporting the first *Medina* element — that he is incompetent to effectively participate in the treatment decision.

¶ 12    The district court found Cota-Martinez incompetent to effectively participate in treatment decisions because he does not believe he has a mental illness and lacks insight into his mental illness, and because he does not believe the medications are helping him, despite the evidence that they are.

¶ 13    Given the district court's credibility determinations, these findings by the court are well supported by the record. *See Marquardt*, ¶ 8; *Ramsey*, ¶ 23. By crediting the psychiatrist's testimony, the court found that Cota-Martinez suffers from unspecified schizophrenia spectrum and other psychotic disorder.

The court also specifically rejected Cota-Martinez's denial of mental illness. That supports the psychiatrist's testimony and the court's finding that Cota-Martinez lacks insight into his mental illness, which prevents him from *effectively* participating in treatment decisions. *See R.K.L.*, ¶¶ 6-7, 33 (affirming the probate court's finding that the patient was incompetent to effectively participate in treatment decisions where the patient's psychiatrist diagnosed the patient with schizophrenia with possible bipolar disorder, but the patient denied having a mental illness).

¶ 14 Contrary to Cota-Martinez's argument, his recognition that he was previously diagnosed with schizophrenia is irrelevant, given that he does not believe he has a mental illness.

¶ 15 Similar to the disagreement over Cota-Martinez's diagnosis, the psychiatrist testified that Cota-Martinez needs the medications to continue improving, but Cota-Martinez testified that the medications provided no benefit. In crediting the psychiatrist's testimony, the court found that Cota-Martinez had shown "clear improvement while he's on the medications." Given this finding, Cota-Martinez's insistence that he does not need the medications, coupled with the evidence that he will not take the medications

6

voluntarily, further support the court's finding that he is incompetent to effectively participate in treatment decisions. *See People in Interest of Strodtman*, 293 P.3d 123, 131-32 (Colo. App. 2011) (affirming the magistrate's finding that the patient was incompetent to effectively participate in treatment decisions where she denied having schizophrenia, did not accept the need for medication, and had a history of noncompliance).

¶ 16    Cota-Martinez argues that (1) "there is objective evidence in the record that supports his belief that the medications have not been *as effective* as the State contends" and (2) the medications are "clearly not *entirely* effective." (Emphasis added.) True, the psychiatrist testified that although Cota-Martinez's most impairing and distressing symptoms have significantly improved, he "does continue to show some other signs of psychosis." But Cota-Martinez testified that the medications do not "do *anything* positive to help [him] *in any way*." (Emphasis added.) Given the district court's credibility determinations, the stark contrast between the psychiatrist's testimony and Cota-Martinez's testimony supports the finding that he is incompetent to *effectively* participate in treatment decisions.

¶ 17 Finally, Cota-Martinez makes a broader argument that if a patient can be deemed incompetent to effectively participate in a treatment decision based *solely* on the patient's mere disagreement with a physician's diagnosis and planned use of medication, then the first *Medina* element will be met in *every* case involving a contested petition for involuntary medication, rendering the first *Medina* element "meaningless." We need not address that broader issue here because this case involved the diametrically opposed opinions: the psychiatrist's credited testimony that Cota-Martinez has a mental illness and needs medication, versus Cota-Martinez's testimony that he neither has a mental illness nor requires medication.

## IV. Disposition

¶ 18 The order is affirmed.

JUDGE PAWAR and JUDGE YUN concur.